E. W. PERRY vs. SARAH L. ROBINSON, ADM'X OF J. M. ROBINSON — Appeal from Colorado County.

The verdict of a jury found upon conflicting testimony will not be set aside, unless it be very apparent that they decided wrong. [*Ante*, 323.]

Case stated in the opinion.

*Gillespie* and *J. W. Robinson*, for appellant.

It is shown by the statement of facts that there was a mistake made in the settlement at the time the note was given,

and by which the appellant was deprived of a credit for the proceeds of nineteen bales of cotton, worth six hundred and four dollars and ten cents.

It is also shown that interest was charged upon the account previous to the execution of the note, and that the note was made to bear interest from a date fifteen months anterior to its execution. This, it is submitted, was an attempt to evade the laws against usury. Stat. 1840, p. 8, secs. 2 and 4; Florida, 374 to 377.

The verdict of the jury being against the evidence, the court below erred in refusing to grant the motion for a new trial.

[491] *Webb*, for appellee.

No brief filed.

Mr. Justice LIPSCOMB delivered the opinion of the court.

The suit was brought in this case on a note of hand, in the following terms, i. e.:

"$330.47.                        HOUSTON, June 1, 1843.

"One day after date, I promise to pay to the order of J. M. Robinson three hundred and thirty dollars and forty-seven cents, being for value received in merchandise, on the first day of January, 1842, and interest to date."

The defendant pleaded that there was a mistake in the settlement of the accounts, at the time they were closed by the note sued on, by which he was deprived of a credit to a large amount, that if allowed, would have left a balance in his favor greatly exceeding the amount of the note. He also objected to the note as having embraced in it interest on account of the parties, before it had been closed by note.

There was no charge given by the judge, and none asked, on any question of law. There is a statement of facts, by which it appears that there was evidence before the jury going to prove a mistake; the jury, however, found a verdict for the plaintiffs for the amount of the note and interest from its date. The finding of the jury must have been the result of their belief that the testimony on the alleged mistake was not sufficient to overbalance the evidence of the note.

This was a question that it was their peculiar province to

determine, and unless it was very apparent that they had decided wrong, we have no right to set their verdict aside. The court was not asked to give a construction or to pass on the legality of the note. There is, therefore, nothing on that subject presented to our consideration for revision. The judgment is affirmed.